UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
ANTWIONE A. PARSLEY,                    :
                                        :
            Petitioner,                 :   Civ. No. 20-16397 (NLH)
                                        :
      v.                                :   OPINION
                                        :
BRUCE DAVIS, et al.,                    :
                                        :
            Respondents.                :
_____:

APPEARANCES:

Antwione A. Parsley
740631/299084-D
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

      Petitioner Pro se

Kristin J. Telsey, Acting Salem County Prosecutor
David Galemba, Acting Assistant Prosecutor
Salem County Prosecutor's Office
Fenwick Building – 2nd Floor
87 Market Street
Salem, NJ 08079

      Counsel for Respondent

HILLMAN, District Judge

      Respondent Bruce Davis, Administrator of New Jersey State

Prison, moves to dismiss Antwione Parsley's petition for writ of

habeas corpus under 28 U.S.C. § 2254 as time barred.  ECF No. 9.

Petitioner opposes the motion.  ECF No. 10.  The motion is now

ripe for disposition.  For the reasons that follow, the motion

to dismiss will be granted.  No certificate of appealability

shall issue.

I.  BACKGROUND

     The facts of this case were recounted below and this Court,

affording the state court's factual determinations the

appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the

recitation of the facts as set forth by the New Jersey Superior

Court Appellate Division in its opinion denying Petitioner's

first post-conviction relief ("PCR") appeal:

> Defendant was convicted of fourth-degree aggravated
> assault, N.J.S.A. 2C:12-1(b)(4); second-degree
> possession of a firearm for an unlawful purpose,
> N.J.S.A. 2C:39-4(a); second-degree unlawful possession
> of a handgun, N.J.S.A. 2C:39-5(b); and second-degree
> possession of a weapon by a certain person, N.J.S.A.
> 2C:39-7(b)(1).
>
> . . . .
>
> The underlying facts are as follows.  Defendant had
> accused the victim of having provided the authorities
> with information regarding his illegal activities.
> Defendant ended the argument by throwing a bicycle and
> a stroller at the victim, and telling him he was "about
> to clear the street."  The victim heard defendant make
> a phone call during which he told someone to "bring
> Roscoe," which he understood to be a reference to
> defendant's handgun.  Later on, the victim saw
> defendant's car, was told to "watch out," and saw
> defendant standing behind a school bus between two
> houses and pointing a gun in his direction.  The victim
> and another person fled the area when they heard
> gunshots.
>
> When the incident occurred, the Salem County
> Prosecutor's Office had coincidentally been intercepting
> defendant's cell phone communications pursuant to a
> warrant, related to an ongoing narcotics investigation

as well as an investigation related to another shooting. Approximately half an hour after the shooting, the victim called defendant.  Defendant was recorded making reference to the fact that the person defendant had been shooting at was not the victim, but someone else.  Some of the intercepted conversations were played to the jury.  All had been obtained pursuant to an electronic wiretap warrant.

State v. Parsley, No. A-3659-17T4, 2019 WL 2056671, at *1 (N.J. Super. Ct. App. Div. May 8, 2019).  The jury was unable to reach a verdict on three other counts: first-degree attempted murder, N.J.S.A. §§ 2C:5-1, 2C:11-3; second-degree aggravated assault, N.J.S.A. § 2C:12-1(b)(1); and third-degree aggravated assault, N.J.S.A. § 2C:12-1(b)(2).  Id.

On March 20, 2012, the trial court sentenced Petitioner to an aggregate nine-year term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.  ECF No. 9-10.  The trial court resentenced Petitioner on April 9, 2012 to include a three-year term of parole supervision.  ECF No. 9-12.  The Appellate Division affirmed Petitioner's convictions on direct appeal but remanded to the trial court for resentencing.  State v. Parsley, No. A-2001-12T1, 2015 WL 1511154, at *1 (N.J. Super. Ct. App. Div. Apr. 6, 2015).  On May 15, 2015, the trial court resentenced Petitioner to nine years with an eighteenth-month parole disqualifier.  ECF No. 9-15.  Petitioner filed an appeal on July 1, 2015.  ECF No. 9-16.  He filed a petition for writ of certification from the New Jersey Supreme Court on July 14,

2015.  ECF No. 9-17.  The Appellate Division entered an order
affirming Petitioner's sentence on December 18, 2015.  ECF No.
9-18.  The New Jersey Supreme Court denied certification on
February 17, 2016.  State v. Parsley, 130 A.3d 1248(Table) (N.J.
2016); ECF No. 9-19.

Petitioner filed a PCR petition in the Law Division on
March 14, 2016.  ECF No. 9-20.  The PCR Court conducted oral
argument on May 8, 2017, ECF No. 9-21, and denied the petition
without an evidentiary hearing on June 13, 2017, ECF No. 9-22.[1]
The New Jersey Public Defender's Office filed an appeal on
Petitioner's behalf on April 19, 2018.  ECF No. 9-24.  It also
submitted a motion to file the notice of appeal as within time.
ECF No. 9-25.  The Appellate Division granted the motion on May
3, 2018, ECF No. 9-26, and affirmed the PCR Court's decision on
May 8, 2019, Parsley, 2019 WL 2056671.  The Public Defender's
Office appealed to the New Jersey Supreme Court and submitted a
motion to file the appeal as within time on June 10, 2019.  ECR
Nos. 9-28, 9-29.  The Supreme Court granted the motion to file
as within time, ECF No. 9-30, and denied the petition for

---

[1] The PCR Court's opinion and order have filing stamps for June
13, 2017 and June 22, 2017.  ECF Nos. 9-22, 9-23.  In its
decision denying Petitioner's first PCR appeal, the Appellate
Division noted the order was filed on June 13, 2017.  State v.
Parsley, No. A-3659-17T4, 2019 WL 2056671, at *1 (N.J. Super.
Ct. App. Div. May 8, 2019).  This Court defers to the state
court's determination of when the order was filed under state
law.

certification on November 7, 2019, ECF No. 9-31; <u>State v. Parsley</u>, 219 A.3d 1067(Table) (N.J. 2019).

Petitioner filed his second PCR petition on November 15, 2019.  ECF No. 9-32.  The PCR Court dismissed the petition as untimely on December 20, 2019.  ECF No. 9-33.  He filed a pro se appeal on January 13, 2020.  ECF No. 9-35.  Petitioner submitted this petition for writ of habeas corpus under 28 U.S.C. § 2254 to New Jersey State Prison officials for filing on November 2, 2020.  ECF No. 1.  He also requested the Court to stay the petition pending his completion of state court remedies.  ECF No. 2.  This Court granted the motion to stay and administratively closed the case on December 2, 2020.  ECF No. 3.

The Appellate Division affirmed the dismissal of Petitioner's second PCR petition as untimely.  <u>State v. Parsley</u>, No. A-1912-19, 2021 WL 507680 (N.J. Super. Ct. App. Div. Feb. 11, 2021).  The New Jersey Supreme Court denied certification on June 4, 2021.  <u>State v. Parsley</u>, 251 A.3d 756 (Table) (N.J. 2021).  Petitioner filed a motion to reopen his § 2254 proceedings in this Court on June 23, 2021.  ECF No. 4.  The Court reopened the proceedings on June 28, 2021 and ordered Respondent to file an answer to the petition or a motion to dismiss.  ECF No. 5.

Respondent filed its motion to dismiss on September 8, 2021. ECF No. 9. It argues the petition is untimely because it was filed more than one year after Petitioner's conviction became final. Id. Petitioner opposes the motion to dismiss, arguing the Court should equitably toll the statute of limitations. ECF No. 10.[2]

II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus under § 2254. See 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

---

[2] Petitioner submitted a motion to accept his opposition papers nunc pro tunc with his letter brief. ECF No. 10. The Court granted this request. ECF No. 12. Petitioner later submitted a new response/traverse in opposition. ECF No. 13. The Court considers the later filing to be an unauthorized sur-reply and will not consider it. Local Civ. R. 7.1(d)(6).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[3]

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (quoting Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)).

---

[3] Petitioner's conviction became final after AEDPA's April 24, 1996 effective date; therefore, he is subject to its one-year statute of limitations.

7

III.  DISCUSSION

A.   Statutory Tolling

The New Jersey Supreme Court denied certification in Petitioner's direct appeal on February 17, 2016.  State v. Parsley, 130 A.3d 1248(Table) (N.J. 2016); ECF No. 9-19.  He then had 90 days, until May 17, 2016, to request review from the United States Supreme Court.  See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that if prisoners do not seek Supreme Court review, "judgment becomes final ... when the time for pursuing direct review in this Court, or in state court, expires").  However, Petitioner filed his first PCR petition on March 14, 2016, before the time to seek certiorari from the Supreme Court expired.  ECF No. 9-20.  Respondent concedes that the AEDPA clock did not start to run on May 17, 2016 because Petitioner had a properly filed PCR petition pending before the state courts.  ECF No. 9-1 at 7; 28 U.S.C. § 2244(d)(2).

The PCR Court denied Petitioner's first petition on June 13, 2017.  ECF No. 9-22.  Under New Jersey law, Petitioner had 45 days to file an appeal.  N.J. Ct. R. 2:4-1(a).  His PCR petition remained "pending" during this time, i.e., until July 28, 2017.  See Swartz v. Meyers, 204 F.3d 417, 421 (3d Cir. 2000).  The PCR petition ceased to be "pending" once that time expired.  "Section 2244(d)(2)'s 'pending' requirement looks forward, not backward.  This sensible construction of the

8

statute comports with the fact that, at the expiration of time in which to file a timely PCR appeal, a petitioner's PCR proceedings have concluded." Martin v. Adm'r New Jersey State Prison, 23 F.4th 261, 271 (3d Cir. 2022). "In other words, from the expiration of time in which to file a timely appeal and the state court's acceptance of the belated appeal, there is no PCR petition for the state court system to consider." Id. Therefore, Petitioner's AEDPA clock started to run on July 29, 2017. Absent further tolling, a timely § 2254 petition was due July 30, 2018.[4]

Section 2244(d)(2) stopped the AEDPA clock on April 19, 2018 when the New Jersey Public Defender's Office filed an appeal on Petitioner's behalf, 264 days later. ECF No. 9-24. Petitioner had 101 days left in his AEDPA clock after what the Court will refer to as the "pre-appeal period."[5] The Appellate Division denied Petitioner's first PCR petition on May 8, 2019, ECF No. 9-27, and Petitioner had 20 days, until May 28, 2019, to file a timely appeal with the New Jersey Supreme Court, N.J. Ct. R. 2:12-3(a). The clock began to run again on May 29, 2019, running until June 10, 2019, 12 days later, when the New Jersey Public Defender's Office filed a notice of petition for

---

[4] July 28, 2018 was a Saturday. Fed. R. Civ. P. 6(c)(1)(a).

[5] 365 - 264 = 101.

certification.[6]  After this "pre-certification period,"
Petitioner had 89 days left in his AEDPA clock.[7]

     The clock remained tolled until the New Jersey Supreme
Court denied certification on November 7, 2019.  State v.
Parsley, 219 A.3d 1067 (Table) (N.J. 2019).  Section
2244(d)(2)'s tolling provision does not apply to Supreme Court
review of postconviction proceedings.  Lawrence v. Fla., 549
U.S. 327, 332 (2007) ("The application for state postconviction
review is therefore not 'pending' after the state court's
postconviction review is complete, and § 2244(d)(2) does not
toll the 1-year limitations period during the pendency of a
petition for certiorari.").  Therefore, a timely § 2254 petition
was due in this Court by February 4, 2020, 89 days later.
Petitioner submitted his petition to this Court on November 2,
2020, 272 days after his AEDPA clock expired ("pre-habeas
period").

     Petitioner filed a second PCR petition on November 15,
2019, but the state courts dismissed this petition as untimely.
"[T]ime limits on postconviction petitions are 'condition[s] to

---

[6] The notice of petition for certification is dated June 10, 2019
and marked as filed on July 1, 2019.  ECF No. 9-28.  In the
interests of justice and because the ultimate timeliness is not
affected, the Court will give Petitioner the benefit of the
earlier date.

[7] 365 - (264 + 12) = 89.

filing,' such that an untimely petition would not be deemed
'properly filed.'" <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 413
(2005) (quoting <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 11 (2000))
(second alteration in original).  "[T]he AEDPA explicitly
directs us to toll the statute of limitations only when a
collateral petition for state relief was 'submitted according to
the state's procedural requirements, such as the rules governing
the time and place of filing.'" <u>Fahy v. Horn</u>, 240 F.3d 239, 243
(3d Cir. 2001) (quoting <u>Morris v. Horn</u>, 187 F.3d 333, 338 (3d
Cir. 1999)).  This Court is bound by the state courts'
determination of timeliness for Petitioner's second PCR
petition.  <u>Merritt v. Blaine</u>, 326 F.3d 157, 166 (3d Cir. 2003)
("[W]e are bound by the state court's finding that Merritt's
second PCRA petition was untimely.").  Accordingly, Petitioner's
second PCR petition was not properly filed within the meaning of
AEDPA and does not further toll the one-year clock.

     After accounting for the statutory tolling under § 2244(d),
Petitioner's § 2254 petition was filed after the one-year AEDPA
clock expired.  The Court turns to Petitioner's argument that
the Court should equitably toll the time.

B.   <u>Equitable Tolling</u>

     "Generally, a litigant seeking equitable tolling bears the
burden of establishing two elements: (1) that he has been

pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

1.   Pre-Appeal Period

Petitioner does not dispute the general procedural history, but states "things fell apart" for him after the PCR Court denied his first PCR petition:

> [T]he P.D.'s office took 311 days to file a Notice of Appeal in Mr. Parsley's case.  The N.J. Court Rules stipulate Notices of Appeal, in order to be considered timely, must be filed within 45-days . . . .  [I]nstead, the P.D.'s office delayed until April 19, 2018, some 311 days out of time.
>
> Petitioner Parsley, acutely concerned about the passage of time, repeatedly called and wrote to the P.D.'s office asking about the status of his case.  He also wrote to former PCR counsel [but] he never received a response.

ECF No. 10 at 12-13.  Petitioner wrote to his PCR counsel on November 7, 2017:

> I'm writing this correspondence in regards of Docket No. A-4818-14T5 and Indictment No. 11-04-000229-I.  I would like to know if you received a decision or know the status of the court hearing May 8, 2017 for a New Trial or Evidentiary Hearing?  I haven't heard anything from you not [sic] the court and I'm concerned about this matter above.  Whenever you have a chance may you please write me back at the address above and inform me about the status of my case.

Id. at 22.  Two days later, Petitioner wrote to Raymond Black in the Public Defender's Office:

> I'm writing to you to inquire as to the status of my [PCR] and appeal.  On May 8, 2017, I appeared, with counsel, before the Hon. Linda L. Lawhun, J.S.C. for oral argument on my petition.  As of this date, I have not heard from my attorney or your office regarding the

> status of my PCR.  Because it has been so long, I took
> it upon myself to write to the court and was shocked to
> learn that the PCR court denied my petition on June 13,
> 2017!  Even more troubling is the fact that I have not
> heard anything regarding the filing of a Notice of Appeal
> on my behalf.

Id. at 24.  Petitioner wrote to the head of the Public

Defender's Appellate Section on December 6, 2017:

> On May 8, 2017, I appeared, with PCR counsel, before the
> Hon. Linda L. Lawhun, J.S.C. for oral argument on my PCR
> petition.  When counsel failed to respond to my request
> for a status, I took it upon myself to write to the PCR
> court and was shocked to learn that my petition had been
> denied on June 13, 2017.  I have written PCR counsel .
> . . on several occasions regarding the status of my PCR
> without success.  I was finally able to contact him by
> phone one time at which time he advised that he filed a
> Notice of Appeal in September.[8]  However, my family
> contacted Raymond Black of your PCR Unit and he reported
> that he did not see my case file or a Notice of Appeal.
> On November 9, 2017, I personally wrote to Raymond Black,
> inquiring as the status of my PCR (copy enclosed).  As
> of this date, I still have not heard from my PCR attorney
> or Mr. Black's office.  Even more troubling is the fact
> that I have not heard anything regarding the filing of
> a Notice of Appeal on my behalf.

Id. at 26.  The Public Defender's office finally responded to

Petitioner on January 8, 2018:

> In response to your letter, please be advised that your
> PCR attorney . . . returned your PCR filed to us and
> informed us that you wanted to appeal the denial of your
> PCR.  We are in the process of referring your case to
> the Intake Unit of the Appellate Section of the Public
> Defender's Office where it will be prepared for filing

---

[8] This letter is the first and only time that Petitioner states
PCR counsel specifically told him that a notice of appeal had
been filed.  Petitioner does not argue in his papers before the
Court that PCR counsel made this representation to him, or when
this representation allegedly occurred, so the Court will not
consider this argument.

and for attorney assignment.  Given the enormous number
of cases they must handle, however, it may be several
months before you are assigned an attorney.

Id. at 28.

To satisfy the diligence prong of the equitable tolling
analysis, "a petitioner must demonstrate that he has been
pursuing his rights with 'reasonable diligence in the
circumstances.'"  Martin v. Adm'r New Jersey State Prison, 23
F.4th 261, 273 (3d Cir. 2022) (quoting Wilson v. Beard, 426 F.3d
653, 660 (3d Cir. 2005)).  In analyzing whether the
circumstances faced by Petitioner were extraordinary, "'the
proper inquiry is not how unusual the circumstance alleged to
warrant tolling is among the universe of prisoners, ... but
rather how severe an obstacle it is for the prisoner endeavoring
to comply with AEDPA's limitations period.'"  Ross v. Varano,
712 F.3d 784, 802-03 (3d Cir. 2013) (quoting Pabon v. Mahanoy,
654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

Anne Picker, the Southern Regional Supervisor of the Public
Defender's PCR Unit, submitted a certification in support of the
motion to file Petitioner's PCR appeal as within time.  ECF No.
10 at 30 ("Picker Cert.").  She certified that PCR Counsel
"handled the PCR though the hearing.  At some point in July, he
returned the file to my office for closing and appeal.  I was
out of the office until Late August, 2017.  There were several

telephone calls from Mr. Parsley from July indicating that he wanted to appeal and could not reach [PCR Counsel]." Id. ¶ 3.

Petitioner has arguably shown reasonable diligence prior to November 2017, but the Court concludes Petitioner has not shown that extraordinary circumstances prevented him from filing his PCR appeal on time. "Petitioner asserts the inaction of the New Jersey Public Defender's Office created an impediment of 323-days to his filing a habeas petition." ECF No. 10 at 18. "Petitioner was not notified for over six months that his PCR had been denied by the trial court. Even after learning of this fact through his own efforts, the P.D.'s office still did not file a Notice of Appeal for almost another four months." Id. "During this time, petitioner was not permitted to any file legal papers himself because he was considered to have counsel . . . ." Id.

Contrary to Petitioner's assertion, nothing prohibited him from filing a notice of appeal on his own. "[A]ny defendant, the defendant's legal representative, or other person aggrieved by the final judgment of conviction entered by the Superior Court, . . . or by an adverse judgment in a post-conviction proceeding attacking a conviction or sentence . . . may appeal or, where appropriate, seek leave to appeal, to the appropriate appellate court." N.J. Ct. R. 2:3-2. The Public Defender's Office did not caution Petitioner against submitting pro se

briefs or motions to the Appellate Division until after the notice of appeal had been filed.  ECF No. 10 at 35.  Although it may have been reasonable for Petitioner not to file anything prior to November 2017, it was no longer reasonable to wait once he learned that no notice had been filed.

Petitioner obfuscates on precisely when he learned that no appeal had been filed.  Petitioner claims in his brief that "at the time of the writing the letter(s) in November, petitioner was still not aware of the ruling by the PCR judge denying his PCR petition."  ECF No. 10 at 13-14.[9]  However, he wrote in his November 9, 2017 letter to the Public Defender's Office that "I took it upon myself to write to the court and was shocked to learn that the PCR court denied my petition on June 13, 2017!"  ECF No. 10 at 24.  Petitioner clearly knew his PCR petition had been denied at the time he wrote his November 9, 2017 letter, as well as the possibility that no notice of appeal had been filed.

"[A]ttorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation."  Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004).  Moreover, Petitioner failed to take further action once it became apparent that no notice of appeal had been filed and that it would likely

---

[9] Petitioner's claim in his unauthorized sur-reply that "petitioner did not learn his PCR had been denied until December 2017" is likewise definitively contradicted by Petitioner's own letters.  ECF No. 13 at 10.

be several more months before the Public Defender's Office would file one.  See ECF No. 10 at 28.  See also Martin, 23 F.4th at 274 (finding defendant failed to show reasonable diligence in pursuing an appeal "given the substantial period of time between letters and that [defendant] had never received confirmation that an appeal in fact had been docketed").  Petitioner's failure to act was unreasonable under the circumstances, and there were no extraordinary circumstances preventing him from filing his own notice of appeal.  The Court will not equitably toll the pre-appeal period.

2.   Post-Appeal Period

Petitioner provides no explanation for the 12-day delay after the Appellate Division denied his PCR appeal other than "[t]he P.D.'s office took some 32-days" to file a certification petition.  ECF No. 10 at 16.  This conclusory argument is insufficient for the Court to conclude that Petitioner was reasonably diligent or that extraordinary circumstances stood in his way.  Accordingly, the Court will not equitably toll the post-appeal period.

3.   Pre-Habeas Period

Petitioner concedes the time after the New Jersey Supreme Court denied certification on his first PCR petition "is not covered, to his knowledge, by any exemption contained within 28 U.S.C. § 2244d."  ECF No. 10 at 16-17.  He does not make any

arguments for the application of equitable tolling for this period, and the Court sees none.

D.   Summary

The Court will not apply equitable tolling to the pre-appeal period because Petitioner has not shown that extraordinary circumstances prevented him from appealing the denial of his PCR petition within time.  Additionally, Petitioner was not reasonably diligent in pursuing his rights once he learned that no notice of appeal had been filed.  The Court will also not apply equitable tolling for the pre-certification and pre-habeas time periods.  Petitioner's § 2254 petition was filed after AEDPA's one-year statute of limitations after the application of statutory and consideration of equitable tolling; therefore, the Court will grant the motion to dismiss.

IV.  CERTIFICATE OF APPEALABILITY

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

18

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  529 U.S. 473, 484 (2000).

This Court will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

V. CONCLUSION

For the foregoing reasons, the motion to dismiss will be granted.  No certificate of appealability will issue.

An appropriate order will be entered.


Dated: April 20, 2022              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

19