```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
ANTWIONE A. PARSLEY,               :
                                   :
         Petitioner,               :    Civ. No. 20-16397 (NLH)
                                   :
    v.                             :    OPINION
                                   :
BRUCE DAVIS, et al.,               :
                                   :
         Respondents.              :
_____:
```

APPEARANCES:

Antwione A. Parsley
740631/299084-D
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

    *Petitioner Pro se*

Kristin J. Telsey, Salem County Prosecutor
David Galemba, Assistant Prosecutor
Salem County Prosecutor's Office
Fenwick Building – 2nd Floor
87 Market Street
Salem, NJ 08079

    *Counsel for Respondents*

HILLMAN, District Judge

    The Court dismissed Petitioner Antwione A. Parsley's petition for writ of habeas corpus under 28 U.S.C. § 2254 as time barred on April 20, 2022.  ECF No. 15.  Petitioner now moves for relief from the judgment under Federal Rule of Civil Procedure 60(b).  ECF No. 19. Respondents oppose the motion.

ECF No. 20. The motion is now ripe for disposition. Fed. R. Civ. P. 78(b).

For the reasons that follow, the Court will deny the motion. No certificate of appealability shall issue.

I. BACKGROUND

Petitioner was convicted of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon by a certain person, N.J.S.A. 2C:39-7(b)(1). On March 20, 2012, the trial court sentenced Petitioner to an aggregate nine-year term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. ECF No. 9-10. The trial court resentenced Petitioner on April 9, 2012 to include a three-year term of parole supervision. ECF No. 9-12.

The New Jersey Superior Court Appellate Division ("Appellate Division") affirmed Petitioner's convictions on direct appeal but remanded to the trial court for resentencing. State v. Parsley, No. A-2001-12T1, 2015 WL 1511154, at *1 (N.J. Super. Ct. App. Div. Apr. 6, 2015). On May 15, 2015, the trial court resentenced Petitioner to nine years with an eighteenth-month parole disqualifier. ECF No. 9-15. Petitioner filed an appeal on July 1, 2015. ECF No. 9-16. He filed a petition for writ of certification from the New Jersey Supreme Court on July

2

14, 2015.  ECF No. 9-17.  The Appellate Division entered an order affirming Petitioner's sentence on December 18, 2015.  ECF No. 9-18.  The New Jersey Supreme Court denied certification on February 17, 2016.  State v. Parsley, 130 A.3d 1248(Table) (N.J. 2016); ECF No. 9-19.

Petitioner filed a post-conviction relief ("PCR") petition in the Law Division on March 14, 2016.  ECF No. 9-20.  The PCR Court conducted oral argument on May 8, 2017, ECF No. 9-21, and denied the petition without an evidentiary hearing on June 13, 2017, ECF No. 9-22.  The New Jersey Public Defender's Office filed an appeal on Petitioner's behalf on April 19, 2018.  ECF No. 9-24.  It also submitted a motion to file the notice of appeal as within time. ECF No. 9-25.  The Appellate Division granted the motion on May 3, 2018, ECF No. 9-26, and affirmed the PCR Court's decision on May 8, 2019, Parsley, 2019 WL 2056671.  The Public Defender's Office appealed to the New Jersey Supreme Court and submitted a motion to file the appeal as within time on June 10, 2019.  ECR Nos. 9-28, 9-29.  The Supreme Court granted the motion to file as within time, ECF No. 9-30, and denied the petition for certification on November 7, 2019, ECF No. 9-31; State v. Parsley, 219 A.3d 1067 (Table) (N.J. 2019).

Petitioner filed his second PCR petition on November 15, 2019.  ECF No. 9-32.  The PCR Court dismissed the petition as

3

untimely on December 20, 2019.  ECF No. 9-33.  He filed a pro se appeal on January 13, 2020.  ECF No. 9-35.  Petitioner submitted this petition for writ of habeas corpus under 28 U.S.C. § 2254 for filing on November 2, 2020, ECF No. 1, and asked the Court to stay the petition pending state court review of his second PCR petition, ECF No. 2.  This Court granted the motion to stay and administratively closed the case on December 2, 2020.  ECF No. 3.

   The Appellate Division affirmed the dismissal of Petitioner's second PCR petition as untimely.  State v. Parsley, No. A-1912-19, 2021 WL 507680 (N.J. Super. Ct. App. Div. Feb. 11, 2021).  The New Jersey Supreme Court denied certification on June 4, 2021.  State v. Parsley, 251 A.3d 756 (Table) (N.J. 2021).  Petitioner filed a motion to reopen his § 2254 proceedings in this Court on June 23, 2021.  ECF No. 4.  The Court reopened the proceedings on June 28, 2021 and ordered Respondents to file an answer to the petition or a motion to dismiss.  ECF No. 5.

   Respondents moved to dismiss the habeas petition as untimely, ECF No. 9, and the Court granted the motion on April 20, 2022, ECF No. 15.  Petitioner sought review from the United States Court of Appeals for the Third Circuit.  ECF No. 16.  The Court of Appeals denied a certificate of appealability on July

29, 2022. ECF No. 18; <u>Parsley v. Administrator New Jersey State Prison</u>, Appeal No. 22-1938 (3d Cir.).

Petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) on December 21, 2022. ECF No. 19. Respondents oppose the motion. ECF No. 20. The motion is now ripe for disposition. Fed. R. Civ. P. 78(b).

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party ... from final judgment, order or proceeding" under certain circumstances. "'The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" <u>Walsh v. Krantz</u>, 423 F. App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting <u>Boughner v. Sec'y of Health, Educ. & Welfare</u>, 572 F.2d 976, 977 (3d Cir. 1978) (omission in original)). "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." <u>Mendez v. Sullivan</u>, 488 F. App'x 566, 569 (3d Cir. 2012) (per curiam) (citing <u>Sawka v. Healtheast, Inc.</u>, 989 F.2d 138, 140 (3d Cir. 1993)).

A Rule 60(b) motion is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." <u>Ross v. Meagan</u>, 638 F.2d 646, 648 (3d Cir. 1981). Rule 60(b) "does not confer

upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Moolenaar v. Gov. of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). Grounds for relief from judgment under Rule 60(b) are:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Id. Rule 60(b)(6)'s "catch-all" provision "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Kemp v. United States, 142 S. Ct. 1856, 1861 (2022).

III. DISCUSSION

Petitioner states "this case should be reopened and or reinstated pursuant to [Rule] 60(b)(1), (3), (6)." ECF No. 19 at 12. The Court must first consider whether this motion is properly brought under Rule 60(b) or whether it is a second or successive § 2254 petition.

6

The Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "restrictions on the filing of second or successive habeas petitions make it implausible to believe that Congress wanted Rule 60(b) to operate under full throttle in the habeas context." Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003); accord Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). "[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits." Pridgen, 380 F.3d at 727. "However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Id.

Petitioner argues that he "made a prima facie showing that the claims advanced relied on a retroactively applicable new rule of constitutional law which viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that he was denied effective assistance of counsel." ECF No. 19 at 1-2. He relies on Martinez v. Ryan, 566 U.S. 1 (2012) for the proposition that "inadequate assistance of counsel during initial review collateral proceedings may now establish cause for a prisoner's default of a claim of ineffective assistance at trial." Id. at 2. He then

7

incorporates his previously made arguments for equitable tolling. Compare ECF No. 19 at 6-11, with ECF No. 10 at 11-19. This challenge to the Court's decision to not apply equitable tolling to Petitioner's habeas petition and dismissing it as time barred is properly filed under Rule 60(b). See Gonzalez v. Crosby, 545 U.S. 524, 535-36 (2005) ("Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition.").

Rule 60(b)(1) includes reviewing mistakes of law by a judge. Kemp v. United States, 142 S. Ct. 1856, 1861-62 (2022). Petitioner's reliance on Martinez is misplaced because the Court did not dismiss the habeas petition as procedurally defaulted. Additionally, Martinez is not a "new rule of constitutional law" because it was decided before Petitioner's habeas proceedings. The Third Circuit rejected Petitioner's appeal, concluding that "jurists of reason would not debate the District Court's decision to dismiss the petition as time-barred over Parsley's arguments that his petition would be rendered timely through the application of an alternative limitations period or equitable tolling." Parsley v. Administrator New Jersey State Prison, Appeal No. 22-1938 (3d Cir.) (internal citations omitted) (ECF No. 9); ECF No. 18. Petitioner fails to show that he is

8

entitled to relief under Rule 60(b)(1) as this Court did not legally err in its prior opinion.

To prevail under Rule 60(b)(3) "the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). "The standard is an exacting one, and it requires a movant to prove fraud by clear and convincing evidence." Shelton v. FCS Cap. LLC, No. 2:18-CV-03723, 2020 WL 3265174, at *3 (E.D. Pa. June 17, 2020). Petitioner has not presented any evidence, let alone clear and convincing evidence, of fraud during the § 2254 proceedings. There is also no suggestion that he was prevented from participating in the proceedings. Petitioner received notice of the motion to dismiss and filed opposition containing his arguments for equitable tolling. Petitioner is not entitled to relief under Rule 60(b)(3).

Rule 60(b)(6) is a catch-all provision which provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief." Relief will not be granted under Rule 60(b)(6) absent extraordinary and special circumstances. See Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004). "Such circumstances rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Case 1:20-cv-16397-NLH   Document 23   Filed 06/05/23   Page 10 of 11 PageID: 603

Petitioner's disagreement with the Court's decision is not an "extraordinary circumstance" justifying relief.  See Pridgen, 380 F.3d at 728 ("No extraordinary circumstances are presented here that would warrant the District Court revisiting its prior decision that the habeas petition was untimely filed.").  The Court will deny relief under Rule 60(b)(6).

IV. CERTIFICATE OF APPEALABILITY

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To the extent a certificate of appealability is required, the Court declines to issue one.

The Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  529 U.S. 473, 484 (2000).

10

Here, jurists of reason would not find it debatable whether this Court's procedural ruling is correct.  Accordingly, this Court will decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

V. CONCLUSION

For the reasons expressed herein, the Court will deny Petitioner's motion for relief under Rule 60(b).  A certificate of appealability will not issue.

An accompanying Order follows.


Dated: June 5, 2023             s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.